CASE NO. _____

**LUCHY REEDER**,

      Plaintiff,

vs.

**AMERICAN SECURITY INSURANCE**
**COMPANY**,

      Defendant.

_____

**DEFENDANT AMERICAN SECURITY INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

Defendant, American Security Insurance Company ("American Security"), pursuant to 28 U.S.C. §§ 1446 and 1332, files this Notice of Removal and removes to the United States District Court an action which is pending in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida. The facts and legal authority supporting this Notice of Removal are as follows:

## A. BACKGROUND & CONDITIONS OF REMOVAL

1. On August 3, 2020, Plaintiff, Luchy Reeder ("Plaintiff"), filed this civil action against American Security in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, Case Number 2020-CA-001924-CI. Plaintiff has asserted a breach of contract action against American Security under a lender-placed excess flood insurance policy. Plaintiff did not effectuate service of process on American Security until August 31, 2020.

2.	Plaintiff is a resident of Osceola County and a citizen of Florida. Plaintiff owns real property located at 6008 Alligator Lake Shore W, Saint Cloud, FL 34771 (the "Property"), which is the subject matter of this lawsuit. *See* Compl. ¶¶ 2-3, 6. Additionally, public records obtained from the Osceola County Property Appraiser's Website reflect Plaintiff's ownership of the property and that she is claiming a Florida homestead exemption, which can only be claimed by a permanent resident of Florida. *See* printout from Osceola County Property Appraiser Website, a true and correct copy of which is attached hereto as **Exhibit "1"** (accessed September 30, 2020); § 196.031 (1), Fla. Stat.

3.	American Security is a citizen of Delaware and Georgia since it is a Delaware corporation with its principal place of business located at 260 Interstate North Cir.,SE, Atlanta, Georgia, 30339. *See* printout from Florida Department of State, Division of Corporations' website, a true and correct copy of which is attached hereto as **Exhibit "2"** (accessed September 30, 2020); *see also Licari v. American Sec. Ins. Co.*, Case No. 8:12–cv–2853–T–33EAJ, 2013 WL 268688 (M.D. Fla. Jan. 24, 2013) (finding American Security's principal place of business as Georgia).

4.	Venue is proper in the United States District Court for the Middle District of Florida, Orlando Division because the case is being removed from the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida.

5.	Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of American Security's rights to assert any defenses or affirmative claims, including a counterclaim.

6.	This Notice of Removal is being timely served and filed within the time allotted under 28 U.S.C. § 1446(b).

7.	This action is not a non-removable action as described under 28 U.S.C. § 1445.

8.	Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings served as of this date is attached hereto as **Composite Exhibit "3."**

9.	In accordance with 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, American Security has served Plaintiff with a copy of this Notice of Removal and has filed a Notice of Filing of Notice of Removal with the Clerk of the Court for Osceola County, Florida.

## B.  THE COMPLAINT

10.	Plaintiff has sued American Security for damages allegedly caused to the Property by flooding from Hurricane Irma. *See* Compl. ¶¶ 15-16 attached as part of **Composite Exhibit "3."** Plaintiff alleges that her damages exceed $30,000.00 exclusive of interest, costs, and attorneys' fees. Compl. ¶ 1.

11.	Further, Plaintiff alleges that she has incurred "economic damage to [her] property, including physical loss to dwelling, contents, loss of use and the cost of increased compliance due to the Plaintiff's property needing to be raised, and Plaintiff to suffer such damages." Compl. ¶16. In support, Plaintiff attached to her Complaint an estimate of damages totaling $239,657.20. *See id.*; Compl. Exhibit B. Plaintiff's Complaint further alleges that American Security "determined that $19,889.47 was owed in policy benefits on the Claim (the "Partial Payment")." Compl. ¶ 22. The excess flood insurance policy at issue has a deductible

of $750.00. Compl. Exhibit A. Therefore, based on the face of the Complaint, Plaintiff is seeking $219,017.73 ($239,657.20 - $19,889.47 - $750.00) in damages plus interest, attorneys' fees and costs. Compl. ¶¶ 26-28, 30.[1]

12.     The district court may find that it is "facially apparent" from the complaint that the amount in controversy requirement exceeds the jurisdictional minimum. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).  If the jurisdictional amount is not apparent from the face of the complaint, then the court should look to the notice of removal and any relevant evidence available at the time the case was removed.  *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also Roe v. Michelin N. Am.*, 613 F.3d 1058, 1061 (11th Cir. 2010) ("[I]n some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy."). The court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine whether the case is removable.  *Pretka*, 608 F.3d at 754.

13.     Plaintiff's Complaint also includes a demand for attorneys' fees pursuant to Fla. Stat. § 627.428. As such, the preponderance of the evidence shows that the jurisdictional threshold of $75,000 is satisfied.  *See Vigoa v. Bank of Am., N.A.,* No. 07-23108-CIV, 2008 U.S. Dist. LEXIS 128689, at *4 (S.D. Fla. Mar. 10, 2008) (a settlement letter can constitute an "other paper" justifying removal under § 1446 (b)); *Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001) ("Defendants may use a variety of documents, including a

---

[1] Plaintiff's Complaint fails to mention that Plaintiff's primary flood insurance carrier tendered $48,400.00 in policy benefits for Plaintiff's claim. In accounting for this payment, Plaintiff is still seeking $170,617.73 ($219,017.73 - $48,400.00) plus interest, attorneys' fees and costs.

written settlement demand, as an "other paper" under 28 U.S.C. § 1446(b) to determine if the case is removable").

## C.  LEGAL STANDARD

14.     Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a state court of which the district court of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States . . . where such action is pending."

15.     Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

> **(1)** citizens of different States;

> **(2)** citizens of a State and citizens or subjects of a foreign state . . .;

> **(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

> **(4)** a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

16.     This Court has original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff (who is a citizen of Florida) and Defendant (American Security is a citizen of both Georgia and Delaware), and the amount in controversy is in excess of $75,000 (at least $170,617.73) exclusive of interest, attorneys' fees, and costs.

## D.  CONCLUSION

As complete diversity and the jurisdictional amount have been met, this action is removable pursuant to 28 U.S.C. § 1332.

**WHEREFORE**, Defendant, American Security Insurance Company, respectfully requests that the aforesaid action now pending in the Circuit Court of the Ninth Judicial Circuit be removed to this Honorable Court.

> **SHUTTS & BOWEN LLP**
> *Attorneys for Defendant, AMERICAN SECURITY INSURANCE COMPANY*
> 200 East Broward Boulevard
> Suite 2100
> Fort Lauderdale, FL 33301
> Telephone: (954) 524-5505
> Facsimile: (954) 524-5506
>
> By: */s/ Daniel R. Lazaro*
> **David Batista, Esq.**
> Trial Counsel
> Florida Bar No. 175803
> Email: dbatista@shutts.com
>
> **Daniel R. Lazaro, Esq.**
> Florida Bar No. 99021
> Email: dlazaro@shutts.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of September 2020, a true and correct copy of the foregoing has been furnished *via* CM/ECF to: Keith Pipersburg, Esquire, Insurance Litigation Group P.A., 1500 NE 162nd Street, Miami, Florida 33162, (service@ilgpa.com).

> */s/ Daniel R. Lazaro*
> DANIEL R. LAZARO

FTLDOCS 8036794 1