**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO. 6:20-cv-1795-Orl-22GJK**

**LUCHY REEDER**,

    Plaintiff,

vs.

**AMERICAN SECURITY INSURANCE COMPANY**,

    Defendant.

___

**DEFENDANT AMERICAN SECURITY INSURANCE COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant American Security Insurance Company ("American Security") files its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Luchy Reeder ("Plaintiff") and states:

**JURISDICTIONAL ALLEGATIONS**

1. American Security admits that this is a claimed action for damages which purportedly exceed seventy-five thousand dollars. American Security denies that Plaintiff is entitled to any relief and the remaining allegations in paragraph 1.

2. American Security admits the allegations in paragraph 2.

3. American Security admits that Plaintiff owns real property located at 6008 Alligator Lake Shore W, Saint Cloud, FL 34771 (the "Property") and that American Security issued excess flood insurance policy number FLR07451548497 (the "Policy") under the

provisions of the lender's Master Policy that provided certain insurance coverage, as more fully set forth therein. American Security denies the remaining allegations in paragraph 3.

4. Denied.

5. American Security admits for jurisdictional purposes only that jurisdiction and venue are proper in the United States District Court for the Middle District of Florida.

## **GENERAL ALLEGATIONS**

6. American Security admits that it issued excess flood insurance policy number FLR07451548497 (the "Policy") under the provisions of the lender's Master Policy that provided certain insurance coverage, as more fully set forth therein, to real property located at 6008 Alligator Lake Shore W, Saint Cloud, FL 34771 (the "Property"). American Security denies the remaining allegations in paragraph 6.

7. American Security states that the Policy speaks for itself as to coverage. American Security denies the remaining allegations in paragraph 7.

8. American Security states that the Policy speaks for itself as to coverage. American Security denies the remaining allegations in paragraph 8.

9. American Security admits that the Policy was in effect during the Policy Period from August 6, 2017 through August 6, 2018. American Security denies the remaining allegations in paragraph 9.

10. American Security states that the Policy speaks for itself as to coverage. American Security denies the remaining allegations in paragraph 10.

11. Denied.

12. Denied.

## COUNT I – BREACH OF CONTRACT

13. American Security re-alleges its responses to paragraphs 1 through 12 above as if fully stated herein.

14. American Security admits that this is a claimed action for breach of contract. American Security denies that Plaintiff is entitled to any relief and the remaining allegations in paragraph 14.

15. Denied.

16. Denied.

17. Denied.

18. American Security states that a claim was reported to American Security, by or on behalf of Plaintiff, for alleged damages occurring on September 9, 2017, which claim was assigned number 00102273857. American Security denies the remaining allegations in paragraph 18.

19. American Security admits that it was provided access to inspect the Property and that it investigated claim number 00102273857. American Security denies the remaining allegations in paragraph 19.

20. American Security admits that it inspected the Property for claim number 00102273857. American Security denies the remaining allegations in paragraph 20.

21. American Security admits that it made payment of excess flood insurance benefits in the amount of $19,889.47, which was based on the independent estimate of damages from Plaintiff's primary flood insurance carrier less the prior payment and Policy deductible. American Security denies the remaining allegations in paragraph 21.

22. American Security admits that it made payment of excess flood insurance benefits in the amount of $19,889.47, which was based on the independent estimate of damages from Plaintiff's primary flood insurance carrier less the prior payment and Policy deductible. American Security denies the remaining allegations in paragraph 22.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

As to Plaintiff's prayer for relief, American Security denies that Plaintiff is entitled to the requested relief or any other relief.

## **GENERAL DENIAL**

American Security denies each and every allegation of Plaintiff's Complaint not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

American Security states the following affirmative defenses to Plaintiff's Complaint, without admitting liability to the allegations herein, and reserves the right to amend these defenses as discovery continues or the facts warrant:

**FIRST AFFIRMATIVE DEFENSE**

1. As American Security's first affirmative defense, Plaintiff's claim is barred on the basis of fraud and/or concealment. On September 13, 2019, Plaintiff initiated a lawsuit against her homeowners' insurance carrier, Universal Property & Casualty Insurance Company, for alleged damages to the Property caused by Hurricane Irma. In the Universal Complaint, Plaintiff alleged that the Property sustained $239,657.20 in damages from Hurricane Irma and attached an estimate in that amount. Plaintiff alleged that "[Universal] continues to refuse to pay the full amount of Plaintiff's covered Loss, despite Plaintiff's demands for full payment." Plaintiff then filed the instant lawsuit almost a year later against American Security, which provided excess flood insurance on the Property through the Policy. Plaintiff's Complaint in the instant case is nearly identical to her Universal Complaint in that it seeks the same $239,657.20 in damages purportedly caused by Hurricane Irma. However, in this Complaint, Plaintiff alleges that the $239,657.20 was caused by "flooding". Plaintiff's intentional concealment, misrepresentations and/or fraudulent conduct void coverage under the Policy pursuant to the "Concealment or Fraud and Voidance of Coverage" Policy provision and Florida law.

**SECOND AFFIRMATIVE DEFENSE**

2. As American Security's second affirmative defense, Plaintiff's claim is barred because Plaintiff breached the Policy by failing to perform duties after loss with regard to the damages sued for herein, including but not limited to: (1) failure to give immediate notice; (2) failure to protect the Property from further damage; (3) failure to make reasonable and

necessary repairs required to protect the Property; and (4) failure to keep an accurate record of repair expenses.

**THIRD AFFIRMATIVE DEFENSE**

3. As American Security's third affirmative defense, Plaintiff is not entitled to coverage under the Policy for alleged damages to her Property that are not direct physical loss caused by or from flood.

**FOURTH AFFIRMATIVE DEFENSE**

4. As American Security's fourth affirmative defense, Plaintiff's claim is barred because American Security paid all benefits owed under the excess flood insurance policy. American Security's $19,889.47 payment was based on the independent estimate of damages from Plaintiff's primary flood insurance carrier less the prior payment and Policy deductible. American Security does not owe any additional funds or coverage to Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

5. As American Security's fifth affirmative defense, Plaintiff's recovery, if any, must be reduced by prior payments from Plaintiff's primary flood insurance carrier for the Property, Plaintiff's primary homeowners' insurance carrier for the Property, American Security, or from any other source that provides primary insurance coverage to the Property.

**SIXTH AFFIRMATIVE DEFENSE**

6. As American Security's sixth affirmative defense, Plaintiff's claim is barred, in whole or in part, because Plaintiff failed to mitigate her alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE**

7. As American Security's seventh affirmative defense, Plaintiff is not entitled to Increase Cost of Compliance (ICC) coverage because Plaintiff failed to meet the conditions precedent and eligibility requirements for this coverage as stated in the Policy.

**WHEREFORE**, Defendant American Security Insurance Company, having answered the Complaint, respectfully requests that the Court dismiss this cause with prejudice, enter judgment in American Security's favor, award American Security its costs associated with this action, and award such other and further relief as the Court deems just and proper.

**SHUTTS & BOWEN LLP**
*Attorneys for Defendant, AMERICAN SECURITY INSURANCE COMPANY*
200 East Broward Boulevard
Suite 2100
Fort Lauderdale, FL 33301
Telephone: (954) 524-5505
Facsimile: (954) 524-5506

By: */s/ Daniel R. Lazaro*
**David Batista, Esq.**
Trial Counsel
Florida Bar No. 175803
Email: dbatista@shutts.com
**Daniel R. Lazaro, Esq.**
Florida Bar No. 99021
Email: dlazaro@shutts.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of October, 2020, a true and correct copy of the foregoing has been furnished *via* CM/ECF to: Keith Pipersburg, Esquire, Insurance Litigation Group P.A., 1500 NE 162nd Street, Miami, Florida 33162, (service@ilgpa.com).

*/s/ Daniel R. Lazaro*
DANIEL R. LAZARO